# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 5912 | **DATE** | 3/24/2003 |
| **CASE TITLE** | OMAR VARGAS vs. AIR FRANCE FREIGHTER, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Air France's motion for summary judgment [16-1] is granted as to Count I. Count II against Continental Airlines is remanded to the Circuit Court of Cook County. Signature Flight Support Corporation's motion for leave to file appearance [20-1] and petition to intervene [20-2] are denied as moot. ENTER MEMORANDUM OPINION AND ORDER.

*Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | |
|---|---|
| | No notices required, advised in open court. |
| | No notices required. |
| ✓ | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| | Docketing to mail notices. |
| | Mail AO 450 form. |
| | Copy to judge/magistrate judge. |

courtroom deputy's initials: CB

number of notices

MAR 2 5 2003 date docketed

docketing deputy initials

3/24/2003 date mailed notice

PW mailing deputy initials

Document Number: 24

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

OMAR VARGAS, )
)
Plaintiff, ) No. 02 C 5912
)
v. ) Suzanne B. Conlon, Judge
)
AIR FRANCE FREIGHTER and )
CONTINENTAL AIRLINES, )
)
Defendants.

**MEMORANDUM OPINION AND ORDER**

Omar Vargas ("Vargas") initially filed this action in the Circuit Court of Cook County against Air France, incorrectly identified as Air France Freighter ("Air France") (Count I), and Continental Airlines ("Continental") (Count II). Vargas alleged negligence for personal injuries he sustained while servicing an Air France aircraft at O'Hare International Airport on behalf of his employer, Signature Flight Support Corporation ("Signature"). Air France removed this action based on the Foreign Sovereign Immunity Act ("FSIA"), 28 U.S.C. § 1602 *et seq.* Air France moves for summary judgment pursuant to Fed. R. Civ. P. 56. Signature moves for leave to file its appearance and petition to intervene *instanter*.

**BACKGROUND**

**I.     Local Rule 56.1**

Local Rule 56.1 requires litigants to follow a detailed procedure in filing and responding to summary judgment motions. In response to a motion for summary judgment, Local Rule 56.1 requires the non-moving party to submit a response "to each numbered paragraph in the moving

1

party's statement [of material facts], including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon." Local Rule 56.1(b)(3)(A). "If additional material facts are submitted by the opposing party . . ., the moving party may submit a concise reply in the form prescribed in that section for a response." *Id.* "All material facts set forth in the statement required of [either] party will be deemed to be admitted unless controverted by the statement of the opposing party." Local Rule 56.1(b)(3)(B). Vargas failed to respond to Air France's statement of facts. Although Air France points out on reply the deficiencies in Vargas' submissions, it fails to respond to Vargas' additional facts in the form required by Local Rule 56.1(b)(3)(B). Therefore, the parties' facts are deemed admitted to the extent they are properly supported by the record. *Oates v. Discovery Zone*, 116 F.3d 1161, 1167 (7th Cir. 1997).

## II. Facts

The following facts are undisputed. Signature provides ground handling services, including aircraft fueling, to Air France pursuant to a written agreement. Vargas worked for Signature as an aircraft fueler.

Sometime after 6:00 p.m. on January 3, 2001, Vargas began fueling a 747 Boeing aircraft owned by Air France. While Vargas was fueling the aircraft, a stair truck pulled up and attached to the cockpit. After Vargas finished fueling the aircraft, he glanced around his immediate area for an Air France mechanic to check the fuel gauge in the cockpit to verify that the tanks were full. When Vargas did not see an Air France mechanic in his immediate area, he proceeded up the stair truck. On the platform at the top of the stairs, Vargas observed two plastic garbage bags. At that time, unidentified cleaning personnel, including individuals wearing Continental jackets, were throwing

ice and water out the cockpit door. Vargas does not know who employed the cleaning personnel. Response at 2.

Vargas entered the cockpit to check the fuel gauge. By doing so, Vargas violated Signature's rules prohibiting him from entering an aircraft. Vargas claims he was never told during his training period that he should not enter an aircraft. After checking the fuel gauge, Vargas used the restroom before exiting the aircraft. Vargas exited the aircraft by stepping onto the platform of the stair truck. As he was about to step down on the first riser, Vargas slipped and fell down the stairs. He did not notice any foreign substance either on the platform or on the first step before he fell.

After he fell, Vargas noticed a thick oozy fluid on the stairs as well as his hands and clothes. An unidentified Continental employee attempted to assist him to his feet by picking him up.[1] Vargas Dep. at 129, 203-04. Vargas told him to stop because he was in pain. When unidentified individuals moved the garbage bags a short time later, Vargas noticed they were leaking fluid. Vargas suffered two herniated discs in his back at L4 and L5 due to the fall.

Air France does not own any stair trucks. Air France never cleaned, repaired or exercised any control over the stair truck involved in Vargas' accident.

## DISCUSSION

### I. Standard of Review

Summary judgment is appropriate when the moving papers and affidavits show there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once a moving party has met its

---

[1] Vargas originally identified this man as an Air France employee in passing. Vargas Dep. 74-75. When asked specifically about the man's employment, Vargas unequivocally stated the man worked for Continental. Vargas Dep. at 203.

burden, the non-moving party must go beyond the pleadings and set forth specific facts showing there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Silk v. City of Chicago*, 194 F.3d 788, 798 (7th Cir. 1999). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## II.  Choice of Law

The court has jurisdiction under the FSIA. In FSIA actions, courts are divided as to whether the forum state's choice of law rules or federal common law governs. *Compare Chuidian v. Phillipine Nat'l Bank*, 976 F.2d 561, 564 (9th Cir. 1992)("federal common law choice of law rules apply . . . not the choice of law rules of the forum state" to FSIA actions) *with Barkanic v. General Admin. of Civil Aviation of the People's Republic of China*, 923 F.2d 957, 959-61 (2d Cir. 1991)("forum law provides the proper choice of law rules for FSIA cases"). Neither the Supreme Court nor the Seventh Circuit has addressed this issue. Nevertheless, "before entangling itself in messy issues of conflict of laws, a court ought to satisfy itself that there is actually a difference between the relevant laws . . . ." *Barron v. Ford Motor Co. of Canada Ltd.*, 965 F.2d 195, 197 (7th Cir. 1992).

Both parties rely exclusively on cases decided under Illinois law. Indeed, both Illinois and federal law look to the Restatement (Second) of Conflict of Laws to decide choice of law questions. *Ingersoll v. Klein*, 46 Ill.2d 42, 262 N.E.2d 593 (1970)(adopting most significant relationship test of the Restatement (Second) of Conflict of Laws); *Schoenberg v. Exportadora de Sal, S.A. de C.V.*, 930 F.2d 777, 782 (9th Cir. 1991)("Federal common law allows the approach of the Restatement (Second) of Conflict of Laws"). "In practice, this means that 'the law of the place of injury controls

4

unless Illinois has a more significant relationship with the occurrence and with the parties.'" *Fredrick v. Simmons Airlines, Inc.*, 144 F.3d 500, 504 (7th Cir. 1998), *quoting Esser v. McIntyre*, 169 Ill. 2d 292, 661 N.E. 2d 1138, 1141 (1996). Vargas was injured in Illinois. Therefore, Illinois law applies.

### III. Negligence Claim against Air France

To prevail in a negligence action under Illinois law, Vargas must prove Air France: (1) owed him a duty of care; (2) breached that duty of care; and (3) the breach proximately caused his injury. *Binz v. Brandt Construction Co., Inc.*, 301 F.3d 529, 532 (7th Cir. 2002), *citing Espinoza v. Elgin, Joliet & Eastern Ry. Co.*, 165 Ill.2d 107, 114, 649 N.E.2d 1323, 1326 (1995). Air France claims Vargas cannot establish a duty or proximate cause. In negligence actions, the issue of whether a duty exists is a question for the court to decide while issues of breach and proximate cause are questions of fact for the jury to resolve, "provided that there is a genuine issue of material fact regarding those issues." *Mark Twain Illinois Bank v. Clinton County*, 302 Ill. App. 3d 763, 766, 706 N.E.2d 94, 96 (5th Dist. 1999). The court need not reach the issue of proximate cause if Vargas cannot establish a duty.

Under Illinois law, the same standards for determining the duties owed by landowners apply to owners of personal property that may be entered. *Basham v. Hunt*, 332 Ill. App. 3d 980, 992, 773 N.E.2d 1213, 1224 (1st Dist. 2002). The nature of the duty a landowner owes to an entrant to its property depends upon whether the entrant is a trespasser, licensee or invitee. *Reid v. Norfolk & Western Railway Co.*, 157 F.3d 1106, 1110 (7th Cir. 1998), *citing Miller v. General Motors Corp.*, 207 Ill. App. 3d 148, 153-54, 565 N.E.2d 687, 690 (4th Dist. 1990). Based on the record before the court, Vargas was a trespasser on Air France's aircraft. "A trespasser is one who enters upon the

5

premises of another with neither permission nor invitation and intrudes for some purpose of his own or at his convenience or merely as an idler." *Basham*, 332 Ill. App. 3d at 992, 773 N.E.2d at 1224. Vargas entered the Air France aircraft without permission. Vargas concedes that "only . . . Air France personnel and/or agents would be allowed to use the stair truck to gain access" to the aircraft. Response at 4. Vargas does not claim he was an Air France agent. Nevertheless, Vargas used the stair truck to check the fuel gauge inside the aircraft instead of waiting for or actively looking for an Air France mechanic. According to Vargas, he took action because he did not want to be penalized if the plane was late. Vargas Dep. at 35-36. Under these circumstances, Vargas must be considered a trespasser when he entered Air France's aircraft without authorization.

As a trespasser, Air France owed a duty to Vargas to refrain from wantonly or willfully injuring him and to use reasonable care to avoid injury to him after he was discovered to be in peril. *Reid*, 157 F.3d at 1110, *citing Rodriguez v. Norfolk & Western Ry. Co.*, 228 Ill. App. 3d 1024, 1038, 593 N.E.2d 597, 607 (1st Dist. 1992). The record does not reveal any evidence demonstrating that Air France willfully or wantonly injured Vargas. Nor does Vargas present any evidence that any Air France employee failed to use reasonable care to help him avoid injury. To the contrary, Vargas only offers evidence that unidentified employees, who may have worked for Continental, were present around the time of his accident. Under these circumstances, Vargas' negligence claim against Air France fails as a matter of law.

Even if Vargas were authorized to enter the Air France aircraft, his negligence claim fails on the merits. Although a property owner has a duty to provide invitees a safe means of ingress and egress to his premises, the duty does not extend to injuries that occur on adjacent property not under the property owner's control. *Hanks v. Mount Prospect Park Dist.*, 244 Ill. App. 3d 212, 217-218,

6

614 N.E.2d 135, 139 (1st Dist. 1993). Liability will not be imposed where the injury is not caused by a physical defect in the adjacent property, but rather is the result of an independent factor. *Id.* at 218, 614 N.E.2d at 139. Air France did not own or exercise any control over the stair truck providing access to its aircraft. More importantly, Vargas does not claim his injury was caused by the stair truck, but by a liquid substance deposited on the stairs by an unknown cleaning crew. Pl. Facts at ¶¶ 15-16. Vargas has failed to offer evidence that Air France owed him a duty of care.

**IV.   Negligence Claim against Continental**

The court may relinquish jurisdiction over state law claims when all federal claims are dismissed. 28 U.S.C. § 1367(c)(3). According to the general rule, "when all federal claims are dismissed before trial, the pendent claims should be left to the state courts." *Wright v. Associated Ins. Cos., Inc.*, 29 F.3d 1244, 1252 (7th Cir. 1994). Although exceptions to the general rule exist, none apply here. *Id.* at 1251-52. Continental did not join in Air France's summary judgment motion or file its own. Therefore, the court declines to exercise supplemental jurisdiction over Vargas' remaining state law claim against Continental.

## CONCLUSION

Air France is entitled to judgment as a matter of law on Vargas' negligence claim. Vargas' negligence claim against Continental is remanded to the Circuit Court of Cook County, Illinois. Signatures' motion for leave to file an appearance and petition to intervene are moot.

March 24, 2003                                    ENTER:

                                                  Suzanne B. Conlon
                                                  United States District Judge